860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. PELUSO, Defendant-Appellant.
 No. 88-5877.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before MERRITT, BOYCE F. MARTIN, Jr., and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se defendant appeals an order of the district court which denied his motion to correct sentence filed pursuant to Fed.R.Crim.P. 35(a). He now moves for the appointment of counsel. Upon review of the record and the brief submitted by plaintiff, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In May 1985, defendant, John J. Peluso, was found guilty of two charges of making false declarations to a grand jury in violation of 18 U.S.C. Sec. 1623 and was sentenced to two consecutive terms of five years imprisonment. He later challenged the validity of his conviction and sentence by filing a motion pursuant to Fed.R.Crim.P. 35(a) in the District Court for the Eastern District of Kentucky. As the basis of his motion, defendant maintained that his perjury convictions violated the constitutional provisions against double jeopardy in that they were based upon two misstatements regarding the same subject matter which he had provided during a single instance of testimony before the grand jury. The district court, however, found that argument to be without merit and denied the motion to correct sentence. Defendant subsequently filed this appeal.
 
 
 3
 The district court did not err in denying defendant's motion for relief pursuant to Fed.R.Crim.P. 35(a). A defendant may be prosecuted for multiple violations of 18 U.S.C. Sec. 1623, based upon the same testimony to the grand jury, so long as each count charged is premised upon a separate and distinct falsehood requiring different factual proof. Moreover, the fact that the false statements involved concerned the same subject matter, is insufficient to prevent the defendant's prosecution for more than one violation of 18 U.S.C. Sec. 1623. United States v. Wood, 780 F.2d 955, 962-63 (11th Cir.), cert. denied, 476 U.S. 1184 (1986); United States v. McComb, 744 F.2d 555, 565-66 (7th Cir.1984). The record discloses no departure from those standards in this case.
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's final order entered June 28, 1988, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.